FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (ALEXANDRIA DIVISION) 2015 DEC -1 P 3: 04

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| SARA JUDITH GARCIA GALDAMEZ, ) | |
| ) | |
| JORGE ARMANDO ESCOBAR BARILLAS, ) | |
| ) | |
| AND VIRGINIA DE JESUS PEÑA POZUELOS, ) | |
| ) | |
| Individually and on behalf of others similarly ) situated, ) | |
| ) | |
| Plaintiffs, ) | Civ. No: 1:15CV1605 UMB\JFA |
| ) | |
| v. ) | |
| ) | |
| I.Q. DATA INTERNATIONAL, INC., ) Serve: Corporation Service Company, R/A ) Bank of America Center, 16th Floor ) 1111 East Main Street ) Richmond, VA 23219 ) | Jury trial requested |
| ) | |
| Defendant. ) | |

## COMPLAINT – CLASS ACTION

### PRELIMINARY STATEMENT

1.      Plaintiffs Sara Judith Garcia, Jorge Armando Escobar Barillas, and Virginia de

Jesus Peña Pozuelos, as individuals and on behalf of others similarly situated, sue Defendant I.Q.

Data International, Inc. for violations of the Fair Debt Collection Practices Act (FDCPA), 15

U.S.C. § 1692 *et seq*. The Defendant used false, deceptive, and misleading representations about

the amount of an alleged debt, and engaged in unfair collection practices, when Defendant added

interest to a purported outstanding balance without any basis in law or contract.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k.

3.      Venue in this District is proper because Plaintiffs are located in this District, and this case arises out of letters which Defendant sent to Plaintiffs at their residence in this District.

## PARTIES

4.      Plaintiff Sara Judith Garcia Galdamez is a resident of Annandale, Virginia, and she is a consumer within the meaning of the FDCPA.  On or about May 11, 2012, Ms. Garcia Galdamez entered into a residential lease with Fairmont Residential, LLC (not a party to this action).  She entered this lease jointly and severally as a co-lessee with fellow Plaintiffs Jorge Armando Escobar Barillas and Virginia de Jesus Peña Pozuelos.

5.      Plaintiff Jorge Armando Escobar Barillas is a resident of Annandale, Virginia, and he is a consumer within the meaning of the FDCPA.  On or about May 11, 2012, Mr. Escobar Barillas entered into a residential lease with Fairmont Residential, LLC. jointly and severally as a co-lessee with fellow Plaintiffs Sara Judith Garcia Galdamez and Virginia de Jesus Peña Pozuelos.

6.      Plaintiff Virginia de Jesus Peña Pozuelos is a resident of Annandale, Virginia, and she is a consumer within the meaning of the FDCPA.  On or about May 11, 2012, Ms. de Jesus Peña Pozuelos entered into a residential lease with Fairmont Residential, LLC.  She entered this lease jointly and severally as a co-lessee with fellow Plaintiffs Jorge Armando Escobar Barillas and Sara Judith Garcia Galdamez.

7.      Defendant I.Q. Data International, Inc. is a Washington corporation with a principal place of business in Everett, Washington.  I.Q. Data International, Inc. is a debt

collector within the meaning of the FDCPA because its principal business is collecting defaulted debts owed to another, and it regularly uses the mails to collect such debts. Defendant was hired by Fairmont Residential, LLC, to collect an alleged debt owed by Plaintiffs.

## FACTS

8.      On June 10, 2015, Plaintiffs Sara Judith Garcia Galdamez, Jorge Armando Escobar Barillas, and Virginia de Jesus Peña Pozuelos (hereinafter referred to as "Plaintiffs"), voluntarily moved out of a rental apartment in the Fairmont Gardens apartment complex managed by Fairmont Residential, LLC in Annandale, Virginia, because their lease ended. At that time, they voluntarily turned over possession of the apartment to the landlord. The apartment in question had been Plaintiffs' primary residence.

9.      After Plaintiffs moved out of the apartment, the landlord contended that they left behind an unpaid balance of $3,276.84, which allegedly consisted of a certain amount of unpaid rent, a certain amount of unpaid utility bills, and charges for repair of some alleged minor damages to the apartment.[1]

10.      The landlord never took Plaintiffs to court over the alleged unpaid balance, much less obtained a judgment against them.

11.      Plaintiffs' lease with the landlord did not provide for interest charges on unpaid balances, nor did Plaintiffs intend to enter a contract that provided for interest to be charged on unpaid balances. To the contrary, the lease provides *only* for a one-time late fee on purported unpaid balances.

---

[1] Plaintiffs do not concede that the landlord's accounting is correct, nor do they concede that any of the balance is actually owed to the landlord.

3

12.     The lease was a form contract drafted entirely by the landlord with no option for the Plaintiffs to negotiate any terms other than the length of the tenancy.

13.     On some date between June 10, 2015 and July 17, 2015—almost immediately after Plaintiffs moved out of the apartment—the landlord assigned Plaintiffs' account to Defendant for collections.

14.     On July 17, 2015, Defendant sent to each of the named Plaintiffs a collection letter, a true and accurate copy of which is attached hereto as Exhibit A and incorporated fully herein by reference.  Defendant sent the individual letters to Plaintiffs' new address (also in Annandale, Virginia), where they received them.

15.     The collection letter states "Interest Due" of $19.93, and furthermore states, "Your unpaid principal balance will accrue interest as a rate of 006.00 percent per annum."

16.     This was false.  In fact, there was no interest due, and no interest accruing.

17.     Virginia law governing landlord-tenant relations does not automatically provide for interest on unpaid balances, *except* where a landlord has obtained a judgment against a tenant, in which case the general Virginia post-judgment interest rate of 6 percent would apply to any such judgment.

18.     In Virginia, an award of prejudgment interest is discretionary with the trier of fact, not mandatory. *Upper Occoquan Sewage Auth. v. Blake Constr. Co.*, 275 Va. 41, 63 (2008).

19.     On information and belief, defendant is aware that a reasonable consumer would feel a sense of urgency to quickly pay a debt upon which interest is accruing, and that this sense of urgency would be lessened if the consumer knew the debt not to be accruing interest.

20.     Plaintiffs each individually experienced a measurable amount of stress and anxiety at the idea that his or her balance would continue to grow as interest continued to accrue.

21.     In the alternative, even if interest were legally allowed to accrue, the collection letter falsely represented the amount of interest owed.  On information and belief, Defendants' letter calculated interest starting from a date prior to the Plaintiffs' alleged breach of an obligation to pay their landlord, and thereby stated an amount of interest in excess of any amount that could possibly be due.

## PRACTICES OF DEFENDANT ARE UNIFORM

22.     According to Defendant's website, http://www.rentcollectglobal.com, Defendant exclusively serves the housing and landlord industry through debt collection.  "We do NOT provide services to any other industry."  (Emphasis in original).  Defendant does not file collection suits against tenants/consumers, but rather attempts to collect debts by means of phone calls, dunning letters, and credit reporting.

23.     It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit A to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to the right of consumers to have their debts validated under 15 U.S.C. § 1692g and to impose interest charges upon the debts despite there being no contractual or legal basis upon which such interest charges can lawfully be imposed.

24.     On information and belief, defendant has a practice of calculating interest from a date prior to the actual date of breach, and thereby requesting interest payments from consumers in excess of any amount which could possibly be due.  For instance, in the case of the Plaintiffs,

defendant started the interest rate clock as of their date of move-out instead of the date of their alleged contractual breach (*i.e.*, due date of first unpaid rent payment).

25.     Plaintiffs allege on information and belief that Defendant's use of letters in the form of Exhibit A—in which interest charges are assessed on unpaid balances without contractual or legal justification—is representative of a uniform, automated policy by which consumers in Virginia and elsewhere are sent letters demanding illegal interest payments.

26.     On information and belief, defendant's automated debt collection system is set up to assess 6% monthly interest charges on purportedly unpaid balances on Virginia consumers, regardless of whether there is a judgment for the purportedly unpaid amount; whether the underlying residential lease provides for such interest; and/or without properly calculating the alleged interest payment from the date of the actual breach of a contractual obligation to pay.

27.     On information and belief, defendant's automated debt collection system automatically generates monthly interest charges on purportedly unpaid balances, on a monthly basis, without human intervention. That system is programmed to automatically continue to assess interest charges, regardless of whether they are authorized by the contract.

28.     Indeed, Defendant's uniform practices are applied even outside the state of Virginia. For example, according to allegations in *Villa et al. v. I.Q. Data International, Inc.*, No. 4:12-cv-00657 (N.D. Fla., filed Dec. 28, 2012), Defendant sends similar letters, reflecting similar unjustified interest charges, to consumers in Florida.

29.     Upon information and belief, Defendant applies these uniform practices nationwide.

## CLASS ACTION ALLEGATIONS

30.     The classes Plaintiffs seek to represent (collectively, the "Class") are defined as

follows:

> All (i) residents of the states of Virginia, West Virginia, Maryland, North
> Carolina, or South Carolina (ii) to whom letters of the same form or
> substantially similar form as Exhibit A were sent (iii) in an attempt to
> collect a debt arising out of a residential lease (iv) which were not
> returned undelivered by the U.S. Post Office (v) during the one year
> period prior to the filing of the complaint in this action (the "Fourth
> Circuit Class").

> All (i) residents of the Commonwealth of Virginia (ii) to whom letters
> of the same form or substantially similar form as Exhibit A were sent
> (iii) in an attempt to collect a debt arising out of a residential lease (iv)
> which were not returned undelivered by the U.S. Post Office (v) during
> the one year period prior to the filing of the complaint in this action (the
> "Virginia Sub-Class").

31.     Excluded from the Classes are Defendant's officers, directors, affiliates, legal

representatives, employees, successors, subsidiaries, and assigns.  Also excluded from the

Classes are any judges, justices, or judicial officers presiding over this matter and the members

of their immediate families and judicial staff.

32.     Plaintiff reserves the right to amend the Class definitions if discovery and further

investigation reveals that the Classes should be expanded or otherwise modified.

33.     Plaintiff reserves the right to establish sub-classes as appropriate.

34.     This action is brought and properly may be maintained as a class action under the

provisions of Federal Rules of Civil Procedure 23(a)(l)-(4) and 23(b)(l), (b)(2) or (b)(3), and

satisfies the requirements thereof. As used herein, the term "Class Members" shall mean and

refer to the members of the putative Class.

35.     Numerosity:  The proposed Classes are each so numerous that individual joinder of all members is impracticable.

36.     Common Questions of Law and Fact Predominate:  There are many questions of law and fact common to the plaintiffs and the class members, and those questions substantially predominate over any questions that may affect individual class members.  Common questions of fact and law include:

a)      whether Defendant's letters in the form of Exhibit A violate the FDCPA by failing to properly inform the consumer with respect to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. § 1692g;

b)      whether Defendant used a false, deceptive or misleading representation or means in connection with the collection of a debt in contravention of 15 U.S.C. § 1692e;

c)      whether Defendant used false or deceptive means to collect or attempt to collect any debt in contravention of 15 U.S.C. § 1692e(1);

d)      whether Defendant made a false representation of the character, amount or legal status of the debt in contravention of 15 U.S.C. § 1692e(2);

e)      whether Defendant used unfair or unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. § 1692f;

f)      whether the Defendant collected any interest or other charges that were not authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1); and,

g)      whether Plaintiffs and the Class suffered harm as a result of Defendant's conduct.

37.     Typicality: Plaintiffs' claims are typical of the claims of the members of the

Classes. Plaintiffs and all members of the Classes have been similarly affected by Defendant's

actions.

38.     Adequacy of Representation: Plaintiffs will fairly and adequately represent and

protect the interests of the Classes. Plaintiffs have retained counsel with substantial experience

in prosecuting complex and class action litigation. Plaintiffs and their counsel are committed to

vigorously prosecuting this action on behalf of the Classes and have the financial resources to do

so.

39.     Superiority of Class Action: Plaintiffs and the members of the Class suffered, and

will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct. A class

action is superior to other available methods for the fair and efficient adjudication of the present

controversy. Individual joinder of all members of the Classes is impractical. Even if individual

class members had the resources to pursue individual litigation, it would be unduly burdensome

to the courts in which the individual litigation would proceed. Individual litigation magnifies the

delay and expense to all parties in the court system of resolving the controversies caused by

Defendant's common course of conduct. The class action device allows a single court to provide

the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all

class members' claims in a single forum. The conduct of this action as a class action conserves

the resources of the parties and of the judicial system, and protects the rights of the class

members.

## FIRST CAUSE OF ACTION – ILLEGAL INTEREST

### Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f(1).

40.     Plaintiffs incorporate by reference the allegations in paragraphs 1-39.

41.     Defendant is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692a(6) because it uses the mails in the business of regularly collecting or attempting to collect debts owed or due to another.

42.     Plaintiffs and class members are obligated or allegedly obligated to pay a debt arising out of a transaction that is primarily for personal, family, or household purposes and is thus a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3).

43.     The FDCPA, 15 U.S.C. §1692e, prohibits the use of any false, deceptive, or misleading representations in connection with the collection of any debt.

44.     The misrepresentations as set forth above in defendant's collection letter attached hereto as Exhibit A violated the FDCPA, specifically 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f(1), to the injury of Plaintiffs and class members, and Defendant is thus liable to Plaintiffs and similarly situated class members in damages.

## SECOND CAUSE OF ACTION – ILLEGAL NOTICE

### Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g, 1692g(a)(1).

45.     Plaintiffs incorporate by reference the allegations in paragraphs 1-44.

46.     The FDCPA, 15 U.S.C. § 1692g, requires notification of the ability for a consumer to dispute or request verification of alleged debts within 30 days.

47.     By including an interest provision in the paragraph of the letter to Plaintiffs setting forth their 30-day right to dispute or request verification of the debt, Defendant created a

false sense of urgency that overshadowed the 30-day right to request verification pursuant to 15 U.S.C. § 1692g.

48.     Moreover, by including an illegal amount of interest in the collection letter to Plaintiffs, Defendant misrepresented the actual amount alleged to be owed by Plaintiffs as required by 15 U.S.C. § 1692g(a)(1).

49.     The misrepresentations set forth above in Defendant's collection letter attached hereto as Exhibit A violated the FDCPA, specifically 15 U.S.C. § 1692g and § 1692g(a)(1), to the injury of Plaintiffs and class members, and Defendant is thus liable to Plaintiffs and similarly situated class members in damages.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs, Sara Judith Garcia, Jorge Armando Escobar Barillas, and Virginia de Jesus Peña Pozuelos, as individuals and on behalf of others similarly situated, respectfully request the following relief:

1.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

2.     Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial;

3.     Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

4.     Such further relief as the Court deems proper.

11

## DEMAND FOR JURY TRIAL

Plaintiffs, Sara Judith Garcia, Jorge Armando Escobar Barillas, and Virginia de Jesus

Peña Pozuelos, as individuals and on behalf of others similarly situated, demand a trial by jury of

all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

By: _____          Date: 12/1/2015
Simon Y. Sandoval-Moshenberg (VSB No.: 77110)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, Virginia 22041
Phone: (703) 720-5605
Fax: (703) 778-3454
simon@justice4all.org

Brenda Castañeda (VSB No.: 72809)
Kim Rolla (VSB No.: 85625)
LEGAL AID JUSTICE CENTER
1000 Preston Avenue, Suite A
Charlottesville, VA 22903
Phone: (434) 977-0553
Fax: (434) 977-0558
brenda@justice4all.org
kim@justice4all.org

Jeffrey Kaliel (CA 238293)
*Pro hac vice pending*
TYCKO & ZAVAREEI, LLP
1828 L Street NW, Suite 1000
Washington, DC 20036
Phone: (202) 973-0900
Fax: (202) 973-095
jkaliel@tzlegal.com

*Counsel for Plaintiffs*

12