IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| SARA JUDITH GARCIA GALDAMEZ, *et al.*, ) <br> ) <br> Individually and on behalf of others similarly ) <br> situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> I.Q. DATA INTERNATIONAL, INC., ) <br> ) <br> Defendant. ) | Civ. No: 1:15-cv-1605 (LMB/JFA) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs, Sara Judith Garcia Galdamez, Jorge Armando Escobar Barillias, and Virginia de Jesus Peña Pozuelos ("Plaintiffs"), by and through their attorneys, submit this Memorandum in Opposition to the Motion to Dismiss filed by Defendant I.Q. Data International, Inc. ("I.Q. Data"). For the reasons stated below, Plaintiffs respectfully request that this Court deny the Motion.

**I.     INTRODUCTION**

Plaintiffs, as individuals and on behalf of others similarly situated, brought this class action against I.Q. Data for violating the Fair Debt Collection Practices Act (FDCPA) by unlawfully charging excess interest on alleged past-due rent balances. After the Plaintiffs voluntarily moved out of their rental apartment, Plaintiffs' former landlord retained I.Q. Data to

1

collect an alleged unpaid rent balance of $3,276.84.[1] On top of this amount, I.Q. Data added an additional six percent interest, an amount not anticipated or provided by the lease agreement. The six percent interest charge was stated as part of the "amount due" section of the letter, and also included as an extra sentence within the statutory right-to-verification notice provided by 15 U.S.C. § 1692g(a). Plaintiffs have alleged that charging extra interest not provided in the lease is the standard practice of I.Q. Data.

I.Q. Data seeks dismissal of Plaintiffs' claims on the basis that Virginia law supposedly entitles a landlord to collect interest on unpaid rent, even absent any such provision in a lease. But Virginia law is clear that interest cannot accrue on a debt if the parties to the contract never included it as part of their bargain. Defendant's unilateral imposition of an un-bargained-for interest charge, and attempt to collect that amount as a supposed "debt," thus violates the FDCPA.

## II.  STANDARD OF REVIEW

The Court cannot grant a motion to dismiss when the complaint states "a plausible claim for relief." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 284 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). As the Supreme Court has explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Fourth Circuit has noted that "*Iqbal* and *Twombly* do not require a plaintiff to prove his case in the complaint. The requirement of nonconclusory factual detail at the pleading stage is tempered by the recognition that a plaintiff may only have so much information at his disposal at

---

[1] Plaintiffs do not concede that Defendant's accounting of amount owed is accurate, nor do Plaintiffs concede that the amount of damages has been fully liquidated. This alleged debt has never been reduced to judgment, nor has Plaintiffs' former landlord ever sued on this debt.

2

the outset." *Id*. at 291.  Here, the Complaint sufficiently pleads acts and omissions on the part of I.Q. Data that, taken as true, support a reasonable inference of liability for violations of the FDCPA.

### III. ARGUMENT

#### A. PREJUDGMENT INTEREST IS NOT AN ENTITLEMENT UNDER VIRGINIA LAW AND CANNOT BE IMPOSED WITHOUT A COURT ORDER.

Defendant's Motion relies wholly on the contention that Virginia law always entitles obligees to charge interest on a debt, even prior to filing any judicial action. But there is no such legal entitlement in Virginia. Rather, prejudgment interest is only permitted when rent has been collected through a judicial proceeding, and even then, interest is always discretionary.

*First*, prejudgment interest is only permitted in Virginia when rent has been collected through a judicial proceeding. In support of its position to the contrary, Defendant misapplies Va. Code § 55-227.[3] Va. Code § 55-227 permits interest only when rent is recovered "by distress or action." "Distress" refers to the common-law remedy for landlords in which the landlord has the power to seize a tenant's goods and chattels in a non-judicial proceeding to satisfy an arrears of rent. That is simply not at issue here.  Recovering by "action" refers to a *legal* action, as in a civil suit brought by the lessor to recover rent.[4]  Here, the landlord has proceeded neither by

---

[3] As an initial matter, it is not even clear that this section of the Virginia Landlord-Tenant Act ("VLTA") applies to the tenancy at issue here, which Defendant concedes was governed by the separate Virginia Residential Landlord-Tenant Act ("VRLTA"). The VLTA only applies to VRLTA tenancies to the effect not contradicted or overruled by the VRLTA. That latter statute already contains an express remedy for a tenant's failure to pay rent: Va. Code § 55-248.31(F), which nowhere mentions interest. No modern cases apply Va. Code § 55-227 to a VRLTA lease (indeed, about the only case in the last hundred years citing that statute deals with a wholly unrelated issue, namely the priority order of liens on a mobile home).

[4] Under Va. Code § 55-248.4, the term "action" means any recoupment, counterclaim, set off, or other civil suit and any other proceeding in which rights are determined, including without limitation actions for possession, rent, unlawful detainer, unlawful entry, and distress for rent.

distress (levying upon the tenants' chattel) nor by action (suing the tenants). Thus, Defendant is not permitted to collect interest under a plain reading of Va. Code § 55-227. *See also* Va. Prac. Landlord-Tenant § 11:1 (interpreting this code section as applying specifically to "actions for reasonable use," *i.e.* a landlord's suit for compensation where a tenant possesses property not subject to a written lease).

*Second*, even disregarding § 55-227's requirement for a legal action, § 55-227 does not purport to create an *entitlement* to interest; rather, it merely *allows* interest "as on other contracts"—no more and no less. At best, this section of Code clarifies that there is no prohibition on seeking interest as a court-ordered remedy in a civil suit to recover unpaid rent; but where no civil suit has ever been filed, the statute does not give I.Q. Data, as a third party debt-collector, a statutory right to unilaterally add interest to alleged unpaid rent.

For the same reason, Va. Code § 6.2-301 is similarly inapplicable. By its very terms, that statute provides for a default rate of interest "when there is an obligation to pay interest," which as a threshold matter requires an implied or express contractual obligation to pay interest. The statute sets the *rate* of interest; it does not independently create a legal obligation to pay interest when none is otherwise contemplated.

*Third*, even when interest is permitted, it is always discretionary under Virginia law. "[T]he decision whether to award pre-judgment interest is discretionary with the trier of fact[.]" *Upper Occoquan Sewage Authority v. Blake Const. Co.*, 275 Va. 41, 63 (2008); *see also Wolford v. Williams*, 195 Va. 489, 499 (1953) (deferring to trial court's decision not to award prejudgment interest on a breach-of-contract case). A court may choose to award prejudgment interest in the course of a judicial determination on a complaint, but no statutory authority in

Virginia makes prejudgment interest a matter of right.  *See Wells Fargo Equipment Finance Inc., v. State Farm Fire and Cas. Co.*, 823 F. Supp. 2d 364, 366 (E.D. Va. 2011) ("A decision to award prejudgment interest under the Virginia Code is within the sound discretion of the trial court.").  I.Q. Data had no legal entitlement under Virginia law to unilaterally award itself prejudgment interest outside of the judicial oversight provided in a collections lawsuit.

In support of its proposition that Virginia common law mandates that interest *automatically accrues* whenever a contract is breached, Defendant incorrectly cites a number of cases that hold that *prejudgment interest is available* as a remedy in litigation when a creditor sues a debtor.  *See* Dkt. #4, at 4-5.  For example, the main case cited by Defendant, *Bethel v. Salem Improvement Co.*, 25 S.E. 304, 307 (Va. 1896), dealt mainly with the propriety of uncertain expectation damages in a breach of contract case. To the extent interest is discussed, it is discussed in the context of available remedies to a non-breaching plaintiff in breach-of-contract litigation.  The *Bethel* case did not deal with the question of whether interest should be deemed to accrue automatically from the date of breach, in a situation where—as here—the contract did not so provide and where no breach-of-contract litigation has been filed.[7]

This is not a case in which a Virginia trial court would, in its discretion, find that justice and equity demand that the landlord be awarded prejudgment interest. First, under the terms of the lease, the landlord is already entitled to collect breach of contract damages in the form of a one-time 10 percent late fee. The late fee is, by itself, an adequate remedy for the breach. Second, in practice, Virginia General District Courts never or hardly ever impose prejudgment

---

[7] Similarly, in one of the only cases from the last hundred years cited by Defendant, *SunTrust Mortgage Inc. v. United Guar. Residential Ins. Co. of N.C.*, 809 F. Supp. 2d 485, 488 (E.D. Va. 2011), the court was grappling with whether to assess pre-judgment interest – not whether it would be proper to do so in the absence of a judicial action.

interest in cases of unpaid rent, a fact which Plaintiffs will prove at trial. Accordingly, I.Q. Data's unqualified assertion to the Plaintiffs that "[y]our outstanding principal balance will accrue interest as a rate of 006.00 percent per annum" is belied by the actual results routinely obtained by Plaintiffs' former landlord when it sues tenants for back rent: it receives a judgment for rent, any late fees, and six percent *post-judgment* interest only from the date of judgment.

>    B.   BY THE EXPLICIT TERMS OF THE LEASE, DEFENDANT IS NOT ENTITLED TO PREJUDGMENT INTEREST IN THE CASE OF BREACH.

Defendant's attempt to add un-bargained-for interest to the terms of Plaintiffs' contract violates the express terms of the lease. Under Virginia law, "[c]ontracts are construed as written, without adding terms that were not included by the parties." *Plunkett v. Plunkett*, 271 Va. 162, 167 (2006); *see also Wilson v. Holyfield*, 227 Va. 184, 187 (1984) (the court should not create a contract for the parties, but rather rely exclusively on what "the parties [did] agree to as evidenced by their contract"). When leases are unambiguous, courts are limited to construing the "four corners of that document." *Pocahontas Min. Ltd. Liability Co. v. CNX Gas Co., LLC*, 276 Va. 346, 355 n.4 (2008).

Here, the language in the Plaintiff's lease regarding remedies for a breach is clear and unambiguous, and this Court is thus limited to construing the four corners of the document. In case of breach, Plaintiffs' lease provides only for a one-time 10 percent late fee, a bounced-check fee, and costs relating to the re-letting of the premises. *See* Exh. A to Def.'s Mem. [Dkt. #4], at ¶¶ 4, 20. Furthermore, the lease agreement includes an integration clause which explicitly repudiates adding any additional terms to the lease agreement. *Id.*, at ¶ 31. There is no term authorizing the imposition of interest.

Defendant must concede that the express terms of the lease nowhere state that interest will be charged on an unpaid rent balance; accordingly, the addition of such interest is contrary to the expressed intent of the parties as written in the lease. "The guiding light [in contract construction] is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares." *Golding v. Floyd*, 261 Va. 190, 192 (2001) (internal quotation marks and alterations omitted). Here, the written instrument plainly declares that Defendant is not entitled to interest in the event of a breach.

The conclusion that the lease does not provide for interest is only strengthened by the fact that the lease is a contract of adhesion, and any ambiguity in it should be construed against the party who drafted it. *See Roanoke Iron & Bridge Works, Inc. v. Gilbane Building Co.*, No. L83-0149, 1983 WL 210371, at *3 (Va. Cir. Jun. 10, 1983) ("[A]ny doubts or inconsistencies should be resolved against the author of the document."); *see also Winn v. Aleda Const. Co., Inc.*, 227 Va. 304, 307 (1984); *Kelley v. State Farm Mut. Auto Ins. Co.*, No. CL92-1383, 1993 WL 968703, at *4 (Va. Cir. Apr. 15, 1993).

In an effort to refute the plain language of the lease, Defendant argues that a contract may only waive a statutory remedy when it does so "expressly." *See* Dkt. #4, at 6-7 (citing *Bender-Miller Co. v. Thomwood Farms, Inc.*, 211 Va. 585, 588 (1971); *Va. Dynamics Co. v. Payne*, 244 Va. 314, 318 (1992); *Elderberry of Weber City, LLC v. Living Centers-Se., Inc.*, 794 F.3d 406, 413 (4th Cir. 2015). But first, this argument is based on the false premise that I.Q. Data is statutorily entitled to interest. As detailed above, it is definitively not. Second, even if it was

entitled to statutory interest, the contract in this case forecloses that possibility. The lease is clear and unambiguous as to the remedies available for breach. Interest is not one of them.[10]

### C. I.Q. DATA VIOLATED THE FDCPA BY COLLECTING PREJUDGMENT INTEREST WITHOUT A STATUTORY OR CONTRACTUAL RIGHT TO DO SO.

The FDCPA prohibits the collection of interest unless "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). I.Q. Data violated the FDCPA when it attempted to collect prejudgment interest without the statutory or contractual right to do so.[13]

In a case similar to the one at bar, the Eastern District of Kentucky held that "a creditor may not collect prejudgment interest from a debtor until a judgment has been awarded." *Fulk v. LVNV Funding LLC*, 55 F. Supp. 3d 967, 972 (E.D. Ky. 2014); *see also Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 448 (6th Cir. 2014). The *Fulk* court interpreted Kentucky law—which, like Virginia law, places prejudgment interest in the discretion of the trial court—to disallow such interest:

> [E]quity requires a state court judgment prior to an award of prejudgment interest . . . [Otherwise] it would provide creditors with the ability to unilaterally impose statutory prejudgment interest rates on debt claims without judicial oversight. Such as result is not supported by Kentucky law. Accordingly, the Court concludes that, although statutory prejudgment interest is available as a matter of course for liquidated claims under Kentucky law, it was not proper for [the debt collector] to include it prior to receiving a judgment.

---

[10] The unambiguity of the lease makes this case further distinguishable from *Bender-Miller*. In that case, the court was called upon to interpret ambiguous contract language as to whether a particular remedy explicitly set forth in the Virginia Code was waived. Here, the lease is entirely clear as to the remedies available to the landlord for unpaid rent. And, there is no statutory entitlement to interest.

[13] I.Q. Data also violated the FDCPA's prohibitions on falsely representing the amount of the debt, and its requirement that the initial communication from a debt collector provide certain information to the consumer. 15 U.S.C. §§ 1692e(2)(A), 1692g(a)(1), 1692g(b).

*Id.* at 973.

The *Fulk* court denied dismissal of claims against the debt collector for violations of the FDCPA for attempting to collect prejudgment interest prior to receiving an actual judgment. *Id.* at 973-76; *see also Hage v. General Service Bureau*, 306 F. Supp. 2d 883 (D. Neb. 2003) (holding that requesting prejudgment interest on liquidated debt prior to judgment violated Nebraska Revised Statute § 25-1801); *Paige v. Waukesha Health System, Inc.*, No. 12-c-0601, 2013 WL 3560944, at *7 (E.D. Wisc. Jul. 11, 2013) (under Wisconsin law, "absent a contractual agreement prejudgment interest cannot be automatically added by a creditor but instead must await a court judgment"); *McCabe v. Eichenbaum & Stylianou*, LLC, No. 11-7403 (MAS)(TJB), 2012 WL 6624229, at *3 (D.N.J. Dec. 19, 2012) (rejecting a motion to dismiss for adding prejudgment interest in a collection letter when state law provides only discretionary prejudgment interest).

The case cited by Defendant, *Diaz v. Kubler Corp.*, 785 F.3d 1326 (9th Cir. 2015), relies on California law. In California, Cal. Civ. Code § 3287(a) creates an explicit entitlement to prejudgment interest. No such statute exists in Virginia. Likewise, in the Fourth Circuit case of *Mclean v. Ray*, 488 F. App'x 677 (4th Cir. 2012), also relied upon by Defendant, the Fourth Circuit did allow a debt collector attorney to *seek* prejudgment interest as part of a complaint filed in court, but *only because* any award of such interest would be discretionary for the trier of fact:

> [A]ny risk that [a debt collector] would have been able to recover damages to which it was not entitled—i.e., prejudgment interest on amounts that were not yet due and payable—is mitigated by the fact that a decision to award such interest in the first instance is determined at the discretion of a presumably competent and reasonable trier of fact.

*McLean*, 48 F. App'x at 684.

9

In sum, prejudgment interest is an equitable remedy not guaranteed by Virginia law, and awarded exclusively at the discretion of a judge at the conclusion of court proceedings. Prejudgment interest cannot be added by the unilateral actions of a debt collector. Thus, when I.Q. Data applied interest to Plaintiffs' collection letters, it made a false representation of the debt, in violation of the FDCPA.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the Motion to Dismiss in its entirety.

Respectfully submitted,

By: _____//s//_____     Date: 2/12/2016
Simon Y. Sandoval-Moshenberg (VSB No.: 77110)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, Virginia 22041
Phone: (703) 720-5605
Fax: (703) 778-3454
simon@justice4all.org

Brenda Castañeda (VSB No.: 72809)
Kim Rolla (VSB No.: 85625)
LEGAL AID JUSTICE CENTER
1000 Preston Avenue, Suite A
Charlottesville, VA 22903
Phone: (434) 977-0553
Fax: (434) 977-0558
brenda@justice4all.org
kim@justice4all.org

Jeffrey Kaliel (CA 238293)
*Pro hac vice*
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, DC  20036
Phone: (202) 973-0900
Fax: (202) 973-0950
jkaliel@tzlegal.com


*Counsel for Plaintiffs*

## Certificate of Service

I, Simon Y. Sandoval-Moshenberg, hereby certify that on February 12, 2016, I uploaded a copy of the foregoing document to the court's CM/ECF system, which will cause notice to be served electronically upon the following attorneys for defendant:

Charles M. Sims, Esq.
D. Sutton Hirschler III, Esq.
LECLAIRRYAN
919 East Main Street, Twenty-Fourth Floor
Richmond, Virginia 23219

Date: 2/12/2016                                         _____//s//_____
                                                        Simon Y. Sandoval-Moshenberg (VSB No.: 77110)
                                                        **LEGAL AID JUSTICE CENTER**
                                                        6066 Leesburg Pike, Suite 520
                                                        Falls Church, VA 22041
                                                        Telephone: (703) 720-5605
                                                        Facsimile: (703) 778-3454
                                                        simon@justice4all.org